**GANG ZHANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States,\* Board of Immigration Appeals, Respondent.**

No. 07–2741–ag.

United States Court of Appeals, Second Circuit.

Jan. 23, 2008.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B.

Mukasey is automatically substituted for for-

Henry Zhang, New York, N.Y., for Petitioner.

Peter D. Keisler, Assistant Attorney General; Linda S. Wendtland, Assistant Director, Remi Adalemo, Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondents.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Gang Zhang, a native and citizen of the People's Republic of China, seeks review of a June 8, 2007 order of the BIA affirming the October 12, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gang Zhang*, No. A 97 348 328 (B.I.A. June 8, 2007), *aff'g* No. A 97 348 328 (Immig. Ct. N.Y. City Oct. 12, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA affirms the result below without opinion, we review the IJ's decision directly. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). Zhang testified before the IJ that police officers in China had arrested, detained, and beaten him for holding Christian church gatherings in his home. In addition, Zhang submitted various items of documentary evidence to the Immigration Court, including a medical record indicating that he had received treatment for a sprained right arm and contusions, two letters from his employer indicating that he was dismissed from his job after being arrested and detained for "organizing illegal religious gatherings," a letter from his wife, and statements from members of his church group in China.

The IJ expressly found Zhang's testimony credible. Nevertheless, she rejected Zhang's application in its entirety, stating that Zhang had offered "nothing substantial to corroborate his claim." The IJ did not credit the dismissal letters from Zhang's employer, citing "problems with them which raise questions regarding their authenticity and genuineness." The other documents, the IJ determined, did not ac-

mer Attorney General Alberto R. Gonzales as a respondent in this case.

tually mention that Zhang was arrested; the IJ found this "very disturbing," because the people who had submitted statements on Zhang's behalf would surely have been aware of any arrest. Reasoning that Zhang "easily could have provided corroboration of his arrest," the IJ found that he had failed to corroborate his claim where corroborating evidence was reasonably available to him.

We have held that, while an applicant's own credible testimony may sometimes be sufficient to meet the applicant's burden of proof, the agency may also require the submission of corroborating evidence, or an explanation for its absence, where one would reasonably expect such evidence to be submitted. *Diallo v. INS,* 232 F.3d 279, 285–86 (2d Cir.2000). But before denying a claim solely because of an applicant's failure to provide corroborating evidence, the agency must "explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." *Id.* at 290. We have stressed the need for the agency, before denying a claim on the ground of insufficient corroboration, to give "adequate and meaningful notice to the applicant of evidence that the IJ believed was significant and missing." *Ming Shi Xue v. BIA,* 439 F.3d 111, 122 (2d Cir.2006). Crucially, this requirement guarantees applicants in Zhang's position "an opportunity to remedy the supposed evidentiary gap." *Id.*

Our review of the record, however, reveals that the IJ did not afford Zhang this opportunity. The IJ did not alert Zhang that she would deny his application if he did not submit further documentation beyond that already submitted to the court. Nor did the IJ give Zhang an opportunity to explain why the documents he did sub-

mit contained no further corroboration of his credible testimony that he was arrested. In these circumstances, we find that the agency erred in resting its denial of relief on the lack of further corroborating evidence. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 527 n. 9 (2d Cir.2007).

We cannot predict with confidence that the agency would reach the same conclusion in the absence of its error, and, as a result, remand is not futile. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006); *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005). On remand, if the agency wishes to deny Zhang's claim on the basis of lack of corroboration, it must first identify the relevant and reasonably available corroborative evidence which is missing, and give petitioner the opportunity to submit that evidence. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc). If petitioner fails to produce the requested documents, the agency should give Zhang the opportunity to explain this failure, and then assess whether the explanation is sufficient. *Diallo,* 232 F.3d at 289.

For the foregoing reasons, the petition for review is **GRANTED.** The decision of the BIA is **VACATED,** and the case is **REMANDED** to the BIA for further proceedings consistent with this order. Petitioner's motion for a stay of removal pending our review is **DISMISSED** as moot. Any pending request for oral argument in this petition is **DENIED** in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).